



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed February 05, 2013**

---

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | **Chapter 11-SGJ-11** |
| **HOLY TABERNACLE CHURCH** § | |
| **INTERNATIONAL, INC.** § | |
| § | **Case No. 11-37699** |
| Debtor. § | |

## ORDER CONFIRMING DEBTOR'S FIRST AMENDED
## PLAN OF REORGANIZATION AND FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

**CAME ON FOR HEARING,** on October 4, 2012, the First Amended Plan of Reorganization dated August 3, 2012 [Docket No. 52] (the "Plan") filed by Holy Tabernacle Church International, Inc. (the "Debtor"). The Court makes the following findings of fact and conclusions of law:

A. On August 3, 2012, the Debtor filed the Plan and First Amended Disclosure Statement (the "Disclosure Statement") [Docket No. 52].

B. On August 20, 2012, the Court entered its Order Approving First Amended Disclosure Statement And Setting Hearing On Confirmation Of Plan [Docket No. 55] (the "Order Approving Disclosure Statement").

C. The Debtor timely mailed the Plan, Disclosure Statement, Order Approving Disclosure Statement and applicable ballots to all creditors and parties in interest entitled to notice.

D. The only objection filed in connection with the Plan was the Objection of International Pentecostal Holiness Church Extension Loan Fund, Inc. ("IPHC").

E. The Plan complies with 11 U.S.C. §1129, including the following:

a. Section 1129(a)(1). The Plan complies with the applicable provisions of Title 11.

b. Section 1129(a)(2). The Debtor has complied with the applicable provisions of Title 11.

c. Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law.

d. Section 1129(a)(4). Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e. Section 1129(a)(5). The Debtor has disclosed the identity and affiliations of the all individuals who will serve as a director or officer of the Debtor postconfirmation.

f. Section 1129(a)(6). This provision is not applicable.

      g.    <u>Section 1129(a)(7)</u>. With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor was liquidated under Chapter 7 or Title 11 on such date.

      h.    <u>Section 1129(a)(8)</u>. Class 1 voted to accept the Plan. Class 1 is not impaired under the Plan. The Plan does not discriminate unfairly against and is fair and equitable to Class 1.

      i.    <u>Section 1129(a)(9)</u>. Holders of Allowed Priority Claims will be paid as required by Section 1129(a)(9).

      j.    <u>Section 1129(a)(10)</u>. There is only one class of creditors under the Plan. This subsection is not applicable.

      k.    <u>Section 1129(a)(11)</u>. The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor.

      l.    <u>Section 1129(a)(12)</u>. All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

      m.    <u>Section 1129(a)(13)</u>. This subsection does not apply to the Debtor.

      n.    <u>Section 1129(a)(14)</u>. This provision is not applicable.

      o.    <u>Section 1129(a)(15)</u>. This provision is not applicable.

      p.    <u>Section 1129(a)(16)</u>. All transfers of property of the Plan have been made in accordance with any applicable provisions of non-bankruptcy law that govern the

transfer of property by the Debtor or trust that is not a moneyed, business, or commercial corporation or trust.

q. <u>Section 1129(b)(1)</u>. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

r. <u>Section 1129(b)(2)(A)</u>. With respect to a class of secured claims, the Plan provides that the holders of such claims retain the liens securing such claims to the extent of the allowed amount of such claims and that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estates' interest in such property.

s. <u>Section 1129(b)(2)(B)</u>. With respect to a class of unsecured claims the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property.

**t.** <u>Section 1129(b)(2)(C)</u>. With respect to a class of interests, the holder of any interest that is junior to the interests of such class will not receive or retain under the Plan on account of such junior any property.

Based upon (i) the voting tally; (ii) all of the evidence proffered at hearing by representatives of the Debtor and the arguments of counsel; and (iii) the entire record of this chapter 11 case, and after due deliberation thereon and good cause appearing the Plan should be confirmed. It is therefore:

**ORDERED, ADJUDGED and DECREED** that the Plan is hereby **CONFIRMED** *provided, however,* that the Plan is hereby **AMENDED** as follows:

a.  The "Secured Claim of International Pentecostal Holiness Church Extension Loan Fund, Inc.," shall be defined as an amount equal to all principal, interest and fees and costs recoverable under the applicable loan documents (the "IPHC Loan Documents") which, through December 31, 2012, is $468,411.38 and is comprised of the following: i) principal of $388,673.85; ii) interest of $47,082.53; and iii) attorneys' fees and costs of $32,655.00.  Such amounts have all accrued under the IPHC Loan Documents, are chargeable to the Debtor under 11 U.S.C.§ 506(c), will continue to accrue through the Effective Date and thereafter as allowed under the IPHC Loan Documents, and IPHC is not required to seek further approval from this Court for their payment.  The Debtor is not discharged from any obligation under the IPHC Loan Documents and all terms and conditions of the IPHC Loan Documents shall remain intact and enforceable, except as inconsistent herein or in the Plan;

b.  To the extent the "Secured Claim of International Pentecostal Holiness Church Loan Fund, Inc." is not paid off in full by the Effective Date, the Debtor will pay in full the "Secured Claim of International Pentecostal Holiness Church Loan Fund, Inc." monthly over a term of twelve (12) years (with interest only payments for the first three (3) years and then principal and interest for the next nine (9) years);

c.  The Debtor shall escrow insurance and, to the extent that the Debtor does not maintain its tax exemption, taxes monthly;

d.  To the extent that the Debtor does not timely make its payments to IPHC, the interest rate on "Secured Claim of International Pentecostal Holiness Church Loan Fund, Inc." shall increase to a default rate of 8% plus a late penalty after ten (10) days that is 5% of the amount that is late;

  e. If Christopher Tyrone Gabriel, Sr. and/or Latisha Lanette Gabriel (the "<u>Gabriels</u>") do not pay off the IPHC Claim prior to the Effective Date, then all funds paid to the Debtor by the Gabriels after the Effective Date will be used as follows: a) to pay all allowed administrative claims in an amount not to exceed $25,000.00; and b) to pay down the "Secured Claim of International Pentecostal Holiness Church Loan Fund, Inc.";

  f. The Debtor shall execute modified loan documents (reinstatement, modification, renewal and extension agreement with endorsement) reflecting the treatment described herein within ten (10) days from entry of this Order.  The Effective Date shall occur at the later of the date specified in Paragraph 2.21 of the Plan or the date of the execution of the modified loan documents required herein.

  g. Section 9.9 of the Plan is hereby null and void;

  h. Section 9.10 shall not be interpreted to permit assignment of the Debtor's obligations in the Plan or Loan Documents to any third party.

**FURTHER ORDERED, ADJUDGED and DECREED** that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and it shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is closed.

#### END OF ORDER####